UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| YAZMIN GONZALEZ, <br><br> Plaintiff, <br><br> v. <br><br> CURADEBT SYSTEMS, LLC a Florida Limited Liability Company <br><br> Defendants. | § § § § § § § § § § § § § §  EP-23-CV-00398-KC |

## COMPLAINT

Pro Se Plaintiff Yazmin Gonzalez files this Complaint against Defendant Curadebt Systems, LLC for violations (1) the federal Telephone Consumer Protection Act ("TCPA") and its regulations and (2) the Texas Business and Commerce Code ("TBCC") law governing telephone solicitation, alleging as follows:

### INTRODUCTION

1. Beginning of July 2023, Plaintiff began to receive a barrage of illegal soliciting calls made on behalf of Defendant Curadebt Systems, LLC.

2. Plaintiff seeks redress under the TCPA and TBCC, demanding that the calls stop.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Counts I and II under 28 U.S.C § 1331, because the claims arise under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (holding that federal courts have federal question jurisdiction over private actions brought under the TCPA).

1

4. The Court has Supplemental jurisdiction over Counts II under 28 U.S.C § 1367.

5. This Court has specific personal jurisdiction over Defendant because Defendant purposefully availed itself to the State of Texas and to this District, and there is a sufficient relationship between Defendant's purposeful contacts with Texas and the litigation:

    a) Defendant targets Texas when marketing debt relief services and regularly conducts business in this District, including telephone solicitation.

    b) Its telemarketers, called Plaintiff's El Paso-area phone number (with area code 915) to generate leads for Curadebt's services.

    c) The telemarketers purposefully spoofed Texas area codes to represent themselves as a local company based in El Paso, Texas.

    d) These calls to Texas injured Plaintiff in Texas, creating a causal link among Defendant, the forum, and the litigation that exceeds the non-causal affiliation that is sufficient to support personal specific jurisdiction. *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct*., 141 S. Ct. 1017 (2021).

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES AND OTHER ENTITIES**

7. Plaintiff is YAZMIN GONZALEZ ("Gonzalez") a natural person, resident of the Western District of Texas, El Paso, County, and was present in Texas for all calls, in this case in El Paso County, Texas.

8. Defendant CURADEBT SYSTEMS, LLC ("Curadebt") is a limited liability company organized and existing under the laws of Florida with principal address 4000 Hollywood Boulevard, Suite 555-S, Hollywood, FL 33021 and can be served via registered agent Business Filings Incorporated at 1200 South Pine Island Rd, Plantation, FL 33324.

## THE TELEPHONE CONSUMER PROTECTION ACT

## OF 1991, 47 U.S.C. § 227

9.     In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

10.    The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

11.    The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

12.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

13.    Separately, the TCPA bans making telemarketing calls without a do-not-call policy

available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

14. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

15. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

16. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

17. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

18. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

19.     The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

20.     Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

21.     A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.")

## FACTUAL ALLEGATIONS

22.     Plaintiff personally successfully registered her phone number ending in -1859 on the National Do Not Call Registry in March 2022

23.     Defendant routinely violates the TCPA as part of their business model and knowingly and willfully commit TCPA violations.

24.     Plaintiff did not have and establish business relationship with Defendant and did not give Defendant her prior express written consent to the alleged calls.

25. From July 19, 2023, to August 23, 2023, Plaintiff received a total of 9 calls to her phone number ending -1859.

26. Every call Plaintiff answered was connected to telemarketers who would solicit for debt relief services.

27. Plaintiff received 2 phone calls on July 19, 2023, Plaintiff answered the calls and was connected to a telemarketer who would solicit for debt relief services. Plaintiff does not have any debt and informed the telemarketer she was not interested.

28. On July 26, 2023, Plaintiff received call #4 with phone number 915-301-0360 showing on the caller ID. Plaintiff was connected to a telemarketer who was soliciting for debt relief.

29. Plaintiff was annoyed by the calls and pretended to be her mother "Norma" she knew to have debt in order to ascertain who was behind the solicitation calls.

30. Telemarketer then live transferred Plaintiff to an agent who identified herself as "Paula from Curadebt," the call dropped.

31. Paula returned the phone call with phone number 754-799-4356 showing on the caller ID. Paula verified Plaintiff's information and proceeded to send a text message with a link which contained Defendant's contract.

32. On July 27, 2023, Plaintiff received a follow-up call from agent Paula. Plaintiff informed Paula that she was not interested.

33. On July 31, 2023, Plaintiff received call #7. Plaintiff informed the agent she was not interested and to not call her again.

34. On August 23, 2023, Plaintiff Received call #8. The agent asked Plaintiff if she remembered her conversation with agent Paula and began to solicit for debt relief services.

35. Plaintiff informed the agent she was not interested and to stop calling.

6

36. Table below displays calls made to Plaintiff by Defendants:

37. TABLE A.

| Number: | Date | Time | Caller ID | Notes |
|---|---|---|---|---|
| **1.** | 07/19/2023 | 2:22 pm | 754-202-3148 | Soliciting call |
| **2.** | 07/19/2023 | 2:23 pm | 754-202-3148 | Soliciting call |
| **3.** | 07/20/2023 | 9:15 am | 754-346-6571 | Soliciting call |
| **4.** | 07/26/2023 | 4:18 pm | 915-301-0360 | Telemarketer live transfer to Paula |
| **5.** | 07/26/2023 | 4:42 pm | 754-799-4356 | Paula sent Contract |
| **6.** | 07/27/2023 | 12:17 pm | 858-356-6960 | Plaintiff said not interested |
| **7.** | 07/31/2023 | 1:40 pm | 754-799-4356 | DNC Request |
| **8.** | 08/23/2023 | 9:39 am | 915-821-1802 | DNC Request |
| **9.** | 10/5/2023 | 2:52 pm | 754-799-4356 | Soliciting call |

38. Defendant is not registered pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitations. The https://direct.sos.state.tx.us/telephonesearch.asp site ("Texas Registration Database") does not contain a valid registration for Defendant. Plaintiff performed a search on October 30, 2023.

39. Defendant does not qualify for an exemption under Tx. Bus. Com. Code 302.101.

40. No emergency necessitated the calls.

41. Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

42. Defendant's calls harmed Plaintiff by causing the very harm that Congress sought to

prevent—a "nuisance and invasion of privacy."

43. Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

44. Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

45. Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage space, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of my cell phone.

### PLAINTIFF'S CELL PHONE IS A RESIDENTIAL PHONE

46. The calls were to Plaintiff's cellular phone -1859 which is Plaintiff's personal cell phone. Plaintiff maintains no landlines and uses the phone solely for personal, family, and household use. Plaintiff uses her cell phone for personal picture taking, personal phone calls, personal social media, timing cooking, and other personal reasons. Plaintiff does not use her cell phone for any business purposes. Plaintiff's phone is registered in her name and she pays the bill from her personal accounts.

### Violations of the Texas Business and Commerce Code § 302.101

47. The actions of the defendants violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

48. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

49. The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

50. Business and Commerce Code §302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

51. Under Texas Business and Commerce Code § 302.302 Plaintiff is entitled to seek damages of up to $5000 per violation under §302.101.

## FIRST CLAIM FOR RELIEF:
## COUNT ONE:
### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))

52. Plaintiff incorporates the foregoing paragraphs 1-51 as if fully set forth herein.

53. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

54. Defendants made repeated calls Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the automated text messages, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

55. Plaintiff was statutorily damaged at least nine (9) times under 47 U.S.C. § 227(c)(3)(F) by Defendant by the phone calls described above, in the amount of $500 call.

56.     Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

48  Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## SECOND CLAIM FOR RELIEF:
## COUNT TWO
### (Violations of The Texas Business and Commerce Code 302.101)

57.     Plaintiff incorporates the foregoing paragraphs 1-51 as if fully set forth herein.

58.     The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 302.101**, by making non-registered solicitation calls to Plaintiff's cellular telephone number without his prior express written consent.

59.     Ms. Gonzalez is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 302.302(a).**

60.     Ms. Gonzalez is entitled to all reasonable attorneys' fees, deposition costs, and discovery costs. **Texas Business and Commerce Code 302.302(d).**

## PRAYER FOR RELIEF

WHEREFORE, Yazmin Gonzalez prays for judgment against the defendants jointly and severally as follows:

A.      Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.      A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

    C.    An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

    D.    An award of $1500 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the Defendants for nine (9) calls.

    E.    An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101.

    F.    An award to Ms. Gonzalez of damages, as allowed by law under the TCPA;

    G.    An award to Ms. Gonzalez of interest, costs and attorneys' fees, as allowed by law and equity

    H.    Such further relief as the Court deems necessary, just, and proper.

October 30, 2023,                              Respectfully submitted,

*/s/ Yazmin Gonzalez*

Yazmin Gonzalez
Plaintiff, Pro Se
14205 Charles Pollock
El Paso, TX 79938
915-820-1859
Yazminsoto580@gmail.com